The undersigned have reviewed the prior Opinion and Award bases upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Planet Insurance Company is the carrier on the risk with Alexsis as the adjusting agent.
4. At the time in question, plaintiff's average weekly wage was sufficient to generate the maximum compensation for 1995.
5. The date of plaintiff's alleged injury by accident was 7 March 1995.
6. Plaintiff was out of work and unable to earn wages of any kind from 8 March 1995 until 13 June 1995.
7. The parties stipulated to the following medical records:
a. Piedmont Medical Center
b. Rock Hill Orthopaedic
c. Rock Hill Family Practice
d. US Air
e. Workwell Physical Therapy
f. Workwell
g. Pressley Orthopaedic
h. Charlotte Radiology
8. The issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a forty-six year old male who lives in Rock Hill, South Carolina.
2. On 7 March 1995 plaintiff was working at his usual job as a mechanic for US Air, Inc. As a normal part of his job, plaintiff is required to move de-icing ladders from place to place.
3. On 7 March 1995 plaintiff was moving a de-icing ladder from a push-back tug, a vehicle which is used to maneuver airplanes. On that occasion, as it had on several other occasions, the ladder was located on top of the push-back tug. When plaintiff turned, holding the ladder, he heard and felt a pop in his left knee.
4. The de-icing ladders utilized in March 1995 had been in service all winter. The ladders are approximately eight feet long and are placed leaning up against the forward edge of an airplane wing so they can be mounted to allow personnel to check the wing for ice when the temperature is 50 degrees or less with visible moisture. Mechanics must pick up the ladders up which have no wheels when moving them from place to place.
5. It is normal for de-icing ladders to be located in any one of several locations when not in use. Mechanics are not required by regulation or order to place the ladders in any one specific area when not in use; in fact, mechanics may place the ladders where they so choose. It is normal and usual for ladders to be propped against a wall approximately ten to fifteen yards from the airplanes; propped against a wall in the maintenance shop area, further from the airplanes or placed on top of the push-back tugs located close to the airplanes.
6. Plaintiff himself did not leave the ladders on the push-back tugs when not in use. He acknowledged, however, that other mechanics do leave ladders placed on the tugs. On 7 March 1995 the ladder which plaintiff was moving had been left on the tug by the previous shift. Plaintiff acknowledged that the mechanics on the previous shift had left the ladders on the tugs on more than one occasion.
7. According to plaintiff it is a normal and usual part of his job to move the ladders from one place to another. He had moved the particular ladder in question many times during the winter without any problem.
8. Nelson Conarroe is supervisor of line maintenance in Charlotte and has authority over the area in which plaintiff works. Mechanics customarily leave the ladders on top of the push-back tugs so they will not have to move them as far. It would be Mr. Conarroe's preference that the ladders not be left on the tugs. However, it is not unusual for Mr. Conarroe to see them there.
9. Plaintiff initially sought treatment on 7 March 1995 from Dr. Bernstein at Workwell. Dr. Bernstein took plaintiff out of work. Subsequently, he obtained an MRI which revealed a medial meniscal tear of the left knee.
10. Dr. Bernstein referred plaintiff to Dr. Pressley Gilbert, an orthopedist, who prescribed physical therapy as part of a conservative treatment regime.
11. Plaintiff subsequently sought treatment utilizing his group health insurance with Dr. Nicholas Tuttle, his family doctor, and Dr. William Gregory, an orthopedic surgeon. Dr. Gregory performed arthroscopic surgery to repair plaintiff's left medial meniscal tear on 4 May 1995.
12. Dr. Gregory assigned plaintiff a five percent permanent partial impairment to his left leg.
13. Plaintiff was out of work from 7 March 1995 through 13 June 1995 when he returned to his regular job with defendant-employer.
14. Plaintiff did not prove by a preponderance of the competent, credible evidence of record that the injury he sustained at work at defendant-employer's on 7 March 1995 resulted from an accident, but rather was the result of plaintiff performing his regular and usual job duties under normal conditions.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident to his left knee on 7 March 1995. The preponderance of the credible evidence of record supports a finding that on 7 March 1995 plaintiff was, without any interruption in his work routine, performing his normal job under normal working conditions at the time of the incident in question. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's movement of the de-icing ladder from a push-back tug rather than from a wall, an airplane wing or the ground does not constitute an interruption of his normal work routine. Plaintiff's job included the requirement that he move the ladder from many locations, including a push-back tug. Plaintiff had been required to move the ladder from the tug on several other occasions. This fact is not sufficient to establish an interruption of the normal work routine. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff did not sustain an injury by accident and his claim for compensation must be and hereby is DENIED.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is DENIED.
2. The parties shall divide the costs.
This the 10th day of September 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
DCS:jmf